Alek DEPERYAN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71286.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2007.

Filed March 13, 2007.

Alek Deperyan, Lancaster, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jennifer Paisner, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER, WARDLAW, and SMITH, Circuit Judges.

MEMORANDUM *

Alek Deperyan petitions for review of the denial by the Immigration Judge ("IJ") and Board of Immigration Appeals ("BIA") of his asylum application, request for withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to 8 U.S.C. § 1252(a)(1), (b), and we deny the petition in part, and remand in part for further proceedings.

The letters from the United States Consulate in Armenia provide substantial evidence to support the IJ's finding that Deperyan submitted false documents. The genuineness of these documents went to the heart of his asylum claim. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir. 2004). In addition, the IJ had other reasons, including Deperyan's failure to provide available corroborating evidence regarding his family's alleged kidnapping, for finding Deperyan incredible. *Cf. Yeimane–Berhe v. Ashcroft,* 393 F.3d 907, 911 (9th Cir.2004).

The IJ did not, however, make findings to support the determination that Deperyan had knowingly submitted a frivolous asylum application. Under the regulations, "an asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20; *see Farah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003). The IJ did not specifically find that Deperyan "deliberately fabricated" portions of his application. Accordingly, we remand to the BIA on this issue.

DENIED in part; REMANDED in part.